IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| SHANNON GUESS RICHARDSON | § | |
| v. | § | CIVIL ACTION NO. 5:16-CV-62 |
| UNITED STATES OF AMERICA | § | |

## MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-entitled and numbered civil action was referred to United States Magistrate Judge Caroline M. Craven under 28 U.S.C. § 636. On May 9, 2018, the Magistrate Judge issued a Report and Recommendation, recommending the motion to vacate, set aside, or correct sentence filed under 28 U.S.C. § 2255 be denied. Docket No. 30. The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration. No objections to the Report and Recommendation have been filed.[1] Thus, any aggrieved party is not entitled to *de novo* review by the district court of the proposed findings and recommendations of the Magistrate Judge. *See* Fed. R. Civ. P. 72.

Movant argued the following points of error:

1. Ineffective assistance of trial counsel for failure to present mitigating evidence that could have resulted in a different sentence;

2. Ineffective assistance of counsel for failure to petition the court for a downward departure;

3. Involuntary and unknowing guilty plea due to ineffective assistance of counsel;

---

[1] The Report and Recommendation was entered on May 9, 2018. Docket No. 30. Movant received a copy of the Report and Recommendation on May 15, 2018. Docket No. 31.

4. Ineffective assistance of counsel for failure to argue sentencing disparity;

5. Ineffective assistance of counsel for failure to call a critical witness;

6. Ineffective assistance of counsel for failure to investigate key elements of the case, namely the toxin's purity;

7. Ineffective assistance of counsel for violating Texas State Bar ethics rules;

8. Violation of Fifth Amendment right to remain silent;

9. Prosecutorial misconduct for withholding evidence;

10. The offense level was erroneously and improperly enhanced; and

11. The government coerced her into signing the plea agreement and her attorney provided ineffective assistance of counsel by coercing her to plead to a time-barred charge.

Docket Nos. 1, 5–6.

The Magistrate Judge issued a thorough, 32-page report. Docket No. 30. The Magistrate Judge found that the movant's signed plea agreement contained "an express waiver of her right to appeal or seek relief under § 2255." *Id*. at 13. Moreover, the Court explained that the record indicated that the "movant's plea and waiver were both knowing and voluntary." *Id*. The Magistrate Judge then reviewed each of the movant's claims in turn and recommended that they be denied. *Id*. at 15–32.

The Court has reviewed the Report and Recommendation and concludes that there exist no grounds of plain error or manifest injustice. The Court hereby adopts the Report of the United States Magistrate Judge as the findings and conclusions of this Court. The motion to vacate, set aside or correct sentence should be denied.

Furthermore, the Court is of the opinion the movant is not entitled to a certificate of appealability. An appeal from a judgment denying post-conviction collateral relief may not proceed

unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the movant need not establish that she would prevail on the merits. Rather, she must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

In this case, movant has not shown that any of the issues would be subject to debate among jurists of reason. The questions presented are not worthy of encouragement to proceed further. Therefore, the movant has failed to make a sufficient showing to merit the issuance of certificate of appealability. Accordingly, a certificate of appealability will not be issued.

Conclusion

The Court **ADOPTS** the Report and Recommendation of the Magistrate Judge. A certificate of appealability will not be issued.

**SIGNED this 9th day of July, 2018.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE